# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>KEVIN ANTHONY SIMONS,<br>    Defendant. | No. 07mj284<br>**DETENTION ORDER** |

This matter came on for detention hearing on November 19, 2007. Assistant U.S. Attorney Kevin Fletcher appeared on behalf of the plaintiff (the "Government"). The defendant Kevin Anthony Simons appeared in person with his attorney, Alexander Esteves. The Government offered the testimony of Deputy Mark Chance of the Polk County Sheriff's Department.

The court must determine whether any condition or combination of conditions will reasonably assure Simons's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e) & (f). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In the present case, the evidence indicates Simons, a convicted felon, was found to be in possession of two shotguns and ammunition. According to Simons, one of the shotguns was used minimally for hunting, and the other shotgun belongs to his son and had not been used for over a year. The record indicates Simons has a long-standing problem with alcohol abuse and alcohol-related driving offenses. However, he has significant ties to the community, and likely would be a good candidate for pretrial release were it not for

the additional evidence elicited during the hearing. The witness testified Simons physically assaulted a woman with whom he was living at the time, causing extensive bruising to her lower back, eye, and arms. In addition, Simons has made threats against one of the officers who executed a search warrant at his home on October 22, 2007. Simons also has made threats against the officer's family members. The evidence further indicates Simons has made statements about obtaining additional weapons, including automatic weapons, and about setting up some type of defensive system to prevent officers from entering his home again. On these facts, the court finds there are no conditions of release that would reasonably assure the safety of any other person and the community.

Accordingly, the court finds the Government has proved by clear and convincing evidence that Simons would be a danger to the community if released. Therefore, the court finds the following:

1. Simons is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Simons reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Simons to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Simons must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 20th day of November, 2007.

*[signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

3